# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

ELAINE B. REYNOLDS,

     Plaintiff,

vs.                                        CASE NO. 5:07cv133/RS/MD

DONALD C. WINTER, SECRETARY
DEPARTMENT OF THE NAVY,

     Defendant.

_____/


## ORDER

     Before me are Defendant's Motion to Dismiss or, in the alternative, for

Summary Judgment (Doc. 24), Plaintiff's Notice of Filing Documents in

Opposition to Summary Judgment (Doc. 31), Plaintiff's Statement of Disputed

Facts in Opposition to Summary Judgment (Doc. 32), and Plaintiff's Memorandum

in Opposition to Defendant's Motion to Dismiss and/or for Summary Judgment

(Doc. 33).

## I. STANDARD OF REVIEW

**a. Motion to Dismiss**

     A motion to dismiss should be granted under Rule 12(b)(6) only when "it

appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).  On a motion to dismiss under Rule 12(b)(6), the court's function is not to assess the veracity or weight of the evidence that might be offered in support of the complaint; instead, the court must merely determine whether the complaint is legally sufficient. *See Sherman ex rel. Sherman v. Helms,* 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000).  In ruling on a motion to dismiss, the court must accept all material facts alleged in the complaint as true, and it must construe all reasonable inferences in the light most favorable to the plaintiff. *See Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir. 1999).  If the facts alleged in the complaint would allow the plaintiff to recover under any possible theory, the motion must be denied, regardless of whether they would allow recovery under the particular theory pleaded by the plaintiff. *See Linder v. Portocarrero,* 963 F.2d 332, 336 (11th Cir. 1992).

**b. Motion for Summary Judgment**

Under Fed. R. of Civ. P. 56(c), summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.

Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512. The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115

(11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed

facts, then a court should deny summary judgment." *Miranda v. B & B Cash

Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank

& Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However,

"[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will

not suffice; there must be enough of a showing that the jury could reasonably find

for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing

Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. FACTS

Plaintiff contends that she has been treated differently and adversely as

compared to similarly situated co-workers due to her race, gender, disability, and

as retaliation for filing an Equal Employment Opportunity (EEO) complaint.  On

August 18, 2004, Plaintiff filed an EEO complaint that was eventually dismissed.

Plaintiff contends that after filing this EEO complaint, retaliatory actions and

additional acts of race, sex, and disability discrimination were taken against her.

On October 11, 2005, Plaintiff left a message for the EEO Office regarding a

second complaint.  Within the appropriate deadlines, Plaintiff filed an informal

complaint on November 24, 2005, and formal complaint on February 9, 2006.  Her

complaint was dismissed, and Plaintiff has filed suit in this court under 42 U.S.C. § 2000e (Title VII, Civil Rights Act) and 29 U.S.C. § 794 (The Rehabilitation Act of 1973).

### III. ANALYSIS

Both parties agree that Plaintiff was required to administratively exhaust her claim.  In order to timely exhaust administrative remedies under Title VII and the Rehabilitation Act, a federal employee must contact an EEO counselor within 45-days of any alleged discrimination. 29 C.F.R. § 1614.103(a), 29 C.F.R. § 1614.105(a)(1).  Plaintiff contacted the EEO office by leaving a message on October 11, 2005.  The Supreme Court recently ruled that if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. ----, 127 S.Ct. 2162, 2169, 167 L.Ed.2d 982 (2007). Each discriminatory act triggers a new EEO charging period. *Id*. at 2174.  Plaintiff acknowledges that matters encompassed in the EEO complaint filed on August 18, 2004, are time barred. (Plaintiff's Affidavit, ¶ 6).  At issue in this case will be matters that arose no earlier than August 27, 2005, forty-five days prior to Plaintiff's contact with the EEO on October 11, 2005.

## IV. CONCLUSION

Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 24) is **GRANTED as to claims encompassed within the EEO complaint filed in 2004, and DENIED as to claims encompassed within the EEO complaint filed in 2005 which arose no earlier than August 27, 2005**.

**ORDERED** on April 17, 2008.

/S/ Richard Smoak_____
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**